UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN DEAN HILL,<br>Plaintiff,<br>v.<br>PAYNE, et al.,<br>Defendants. | No. 2:25-cv-00875-EFB (PC)<br><br>ORDER |

Plaintiff is a state prisoner proceeding in forma pauperis and without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff seeks leave to proceed in forma pauperis. ECF No. 5.

**I. In Forma Pauperis Application**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II. Screening Order**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

All defendants in this action are correctional staff at the El Dorado County Jail. Plaintiff alleges that staff at the jail began to harass him in September 2023 due to his litigation and administrative grievance activities. ECF No. 1 at 3. Plaintiff alleges that "[t]he following people are harassing me . . . Lt. Payne, Lt. Jonathan Eslick, Sgt. Dennis Cemo, Sgt. Nicholas Millbank, Sgt. Kyle Davidson and Sgt. Donahue." *Id.* at 7. However, the complaint states specific factual

allegations only against Eslick, Cemo, and Millbank. As to Payne, plaintiff merely alleges that he "call[s] the shots" and, as to Davidson, Donahue, plaintiff alleges that they "carry out the orders." *Id.* at 10. These allegations are insufficient to support any legal claim against Payne, Davidson, and Donahue, and the claims against these defendants will therefore be dismissed with leave to amend.

Turning to plaintiff's specific allegations, plaintiff alleges that Correctional Officer Even (not named as a defendant) tackled plaintiff inside his cell on February 11, 2025 after plaintiff refused an order to "cuff up." *Id.* at 9. Three additional officers (unidentified) got on plaintiff's back, one digging his knee into plaintiff's kidney. *Id.* After plaintiff had been placed in handcuffs and shackles, defendant Eslick "gave the order to slam me against the wall." Officer Bell (not named as a defendant) tried to do so, but plaintiff "resisted." *Id.* "Then Lt. Eslick grabbed the back of my neck, squeezed, then suddenly let go." *Id.*

After plaintiff was removed, Eslick, Cemo, and Millbank "tossed" his cell. *Id.* Millbank placed plaintiff in isolated housing where he slept 20 hours each day, had no exercise, and had received one shower in nine days. *Id.* at 10. Plaintiff had previously been housed in isolation for 72 days, causing depression, anxiety, and a suicide attempt. *Id.* at 6.

On February 27, 2025, defendant Hernandez refused to give plaintiff "a tablet that I use for making calls and accessing the law library," despite an order form a state superior court judge that plaintiff be provided law library and phone access. *Id.* at 10-11.

To state a claim of excessive force in violation of the Eighth Amendment, a plaintiff must allege facts that show that a correctional officer used force against him maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). To determine whether the evidence establishes such a scenario, the factfinder may consider: (1) the need for force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the officer; (4) the extent of injury suffered by the plaintiff; and (5) any efforts made to temper the severity of the forceful response. *Id.* at 7.

////

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition of de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10 (citations and quotations omitted); *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (the Eighth Amendment excessive force standard excludes de minimis uses of force, not necessarily de minimis injuries).

Plaintiff has failed to state facts sufficient to support an excessive force claim against any named defendant. While plaintiff alleges that Eslick ordered that plaintiff be slammed against the wall, by plaintiff's own allegations he was not slammed against the wall. And while plaintiff alleges that Eslick grabbed his neck and then let go, there are insufficient facts alleged to indicate that the force used in this interaction was more than de minimis. Accordingly, plaintiff's excessive force claims must be dismissed with leave to amend.

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment includes communications that are "part of the grievance process." *Brodheim v. Cry*, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009). Liberally construed, and for the purposes of § 1915A screening only, plaintiff has stated potentially cognizable retaliation claims against Eslick, Cemo, and Millbank based on the events of February 11, 2025.

"Confinement . . . in an isolation cell is a form of punishment subject to scrutiny under Eighth Amendment standards." *Hutto v. Finney*, 437 U.S. 678, 685 (1978), abrogated on other grounds recognized by *Dep't of Agriculture Rural Develop. Rural Housing Serv.*, 601 U.S. 42 (2024). Long-term solitary confinement may violate the Eighth Amendment. *See Davis v. Ayala*, 576 U.S. 257, 287-290 (2015) (Kennedy, J., concurring). Plaintiff has stated a potentially cognizable claim against defendant Millbank for placing him in isolated housing for at least 9

days following the incident of February 11, 2025. To the extent plaintiff wishes to challenge his earlier, 72-day confinement in isolated housing at the jail, he must amend the complaint to allege the circumstances surrounding that confinement and the individuals responsible for placing him and/or retaining him in isolation.

Lastly, plaintiff's allegations against Hernandez appear unrelated to the other claims raised in this action. Plaintiff alleges no facts indicating that Hernandez was motivated to deny him use of the tablet due to his litigation or grievance activities or due to the events of February 11, 2025. Federal Rule of Civil Procedure 18(a) allows a plaintiff to assert multiple claims when they are against a single defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Unrelated claims against different defendants must therefore be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees— for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id*. If plaintiff wishes to pursue his claim against Hernandez in this action (rather than initiating a separate action), he must amend his complaint to state facts showing that the claim is related to his other claims.

Plaintiff will be provided an opportunity to file an amended complaint to attempt to correct these deficiencies. Plaintiff is not obligated to amend the complaint; he may instead choose to proceed only on his retaliation claims against Eslick, Cemo, and Millbank.

The court advises plaintiff to avoid use of the passive voice in drafting the amended complaint. Statements such as "I was harassed" fail to identify the perpetrator and thus cannot support a legal claim. Instead, allegations that use the active voice identify the wrongdoer and may support a claim (for example, "Defendant [Name Here] harassed me"). In addition, plaintiff should identify the specific actions taken by individual defendants, rather than listing all the ways in which he believes his rights have been violated and then stating broadly that a group of

defendants participated in the numerous alleged violations (for example, "Defendant [Name Here] harassed me *by doing (or failing to do)* [x, y, and/or z]").

**III. Leave to Amend**

If plaintiff chooses to file an amended complaint, he should note that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Further, any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

**IV. Order**

Accordingly, it is ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 5) is GRANTED.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff has stated potentially cognizable retaliation claims against Eslick, Cemo, and

Millbank.

4. All other claims are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.
5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time. In addition, the court will direct defendants to respond to the pending motions for preservation of evidence.
6. Failure to comply with any part of this order may result in dismissal of this action.

DATED: September 21, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN DEAN HILL,<br>Plaintiff,<br>v.<br>PAYNE, et al.,<br>Defendants. | No. 2:25-cv-00875-EFB (PC)<br><br>NOTICE OF ELECTION |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) ______ proceed only with the retaliation claims against defendants Eslick, Cemo, and Millbank.

OR

(2) ______ delay serving any defendant and file an amended complaint.

______________________________

Plaintiff

Dated: